# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jean Yves Brezilien, ) | Case No. CV 07-779-PHX-EHC (JM) |
|     Petitioner, ) | **REPORT AND RECOMMENDATION** |
| v. ) | |
| Katrina Kane, ) | |
|     Respondent. ) | |

Petitioner Jean Yves Brezilien filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 626(b)(1)(B) and Local Rule – Civil 72.1(b). Pending before the Court is Respondent's Motion to Dismiss [Docket No. 11] arguing that this matter should be dismissed because the relief requested in the petition has been granted thereby rendering this case moot. Petitioner has not responded to the Respondent's motion. The Magistrate Judge agrees with Respondent's position and, therefore, recommends that this case be dismissed as moot.

**I.     Background**

Prior to filing the instant petition, Petitioner filed a separate *pro se* Petition for Writ of Habeas Corpus with this Court. *Brezilien v. Crawford*, CV 05-3790-MHM (HCE). In that petition, Petitioner alleged that he was being detained illegally and requested a bond hearing. CV 05-3790-MHM (HCE), *Docket No. 1*. On June 30, 2008, the District Court granted the petition in CV 05-3790 and ordered the government to grant Petitioner a bond hearing. The clerk entered judgment accordingly. *Id.*, *Docket Nos. 13 & 14*. The government did not appeal from that decision and granted the bond hearing. On August 7, 2008, the Immigration Judge ordered Petitioner released on a $1,500.00 bond. Petitioner posted bond and was

1  released.

2  Respondent filed the instant motion on September 22, 2008, alleging that Petitioner's
3  release has rendered this case moot. Petitioner has not responded to the motion.

4  **II.    Discussion**

5  A case is moot if it does not satisfy the case or controversy requirement of Article III,
6  § 2, of the Constitution. *Caswell v. Calderon*, 363 F.3d 832, 836 (9th Cir. 2004) (citing
7  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).  A case becomes moot if "the issues presented are
8  no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v.*
9  *Hunt*, 455 U.S. 478, 481 (1984).  The court does not have the power to decide a case that
10 does not affect the rights of the litigants. *Lewis v. Continental Bank Corp.*, 494 U.S. 472,
11 477-78 (1990); *Mitchell v. Dupnik*, 75 F.3d 517, 527-28 (9th Cir. 1996).

12 The Ninth Circuit has held that where a habeas petitioner requests only that he be
13 released from immigration custody and is then released while the case remains pending, there
14 is no further relief the court can provide. *Picrin-Peron v. Rison*, 930 F.2d 773, 775-76 (9th
15 Cir. 1991).  In such situations, the Ninth Circuit will dismiss the action. *Id*. at 776. Based
16 on these directives, the instant case is moot.   The petition alleges that Petitioner is being
17 detained indefinitely and requests that the Court "issue a writ of habeas corpus directing the
18 respondent to release the petitioner forthwith . . . ." *Docket No. 1*, p. 17.  The documentation
19 provided by the Respondent indicates that Petitioner has been released from custody.
20 Petitioner has not challenged this assertion. Accordingly, there is no further relief the court
21 can provide and the case is moot. *See Picrin-Peron*, 930 F.2d at 776.

22 **III.   Recommendation**

23 Based on the foregoing and pursuant to 28 U.S.C. § 636(b) and Local Rule – Civil
24 72.1(b), the Magistrate Judge recommends that the District Court, after an independent
25 review of the record, **dismiss as moot** Petitioner's petition for writ of habeas corpus [Docket
26 No. 1].

27 This Recommendation is not an order that is immediately appealable to the Ninth
28 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

1  Appellate Procedure, should not be filed until entry of the District Court's judgment.
2  However, the parties shall have ten (10) days from the date of service of a copy of this
3  recommendation within which to file specific written objections with the District Court. *See*
4  28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure.
5  Thereafter, the parties have ten (10) days within which to file a response to the objections.
6  If any objections are filed, this action should be designated case number: **CV 07-779-PHX-**
7  **EHC**. Failure to timely file objections to any factual or legal determination of the Magistrate
8  Judge may be considered a waiver of a party's right to *de novo* consideration of the issues.
9  *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).
10  DATED this 25th day of November, 2008.

*Jacqueline Marshall*
Jacqueline Marshall
United States Magistrate Judge